BIDDING REQUIREMENTS The bidding requirements of the Oklahoma Central Purchasing Act, 74 O.S. 85.1 [74-85.1] (1974), et seq., do not apply to subgrant contracts entered into by the Department of Economic and Community Affairs pursuant to federal funding under the Federal Comprehensive Employment and Training Act of 1974. The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: Do the bidding requirements of the Oklahoma Central Purchasing Act, 74 O.S. 85.1 [74-85.1] (1974), et seq., apply to subgrant con tracts entered into by the Department of Economic and Community Affairs pursuant to federal funding under the Federal Comprehensive Employment and Training Act of 1974? You have advised that such contracts are for the purpose of furnishing funds to eight separate entities, such as substate planning districts, community action programs, and coalitions of county commissioners to provide work experience, public service employment, summer youth employment and recreation, and on-the-job training for the economically disadvantaged. We have examined the types of contracts the Department of Economic and Community Affairs has entered into the past year and the federal laws, regulations and rules pertaining thereto. You advise us that the Department of Economic and Community Affairs seeks to enter into the same types of contracts again this year under the same federal funding provisions. You state that your inquiry is based on the fact that the 1974 Legislature amended 74 O.S. 85.12 [74-85.12] (1971) of the Oklahoma Central Purchasing Act by deleting numbered paragraph 4 which exempted "acquisitions by agencies out of funds derived from sources other than state collected funds". It is apparent from said amendment that the Legislature intends for agency acquisitions out of non-state collected funds to be subject to the requirements of the Central Purchasing Act. Section 74 O.S. 85.4 [74-85.4] of the Act provides that every state agency shall acquire "all contractual services, supplies, equipment or materials used, consumed or spent by such agency in the performance of its official functions" by requisitions through the Purchasing Division of the State Board of Affairs. Section 74 O.S. 85.5 [74-85.5] of the Act provides that, subject to the provisions of Section 74 O.S. 85.4 [74-85.4] the State Purchasing Director shall have sole and exclusive authority and responsibility for the acquisition of "all materials, supplies, equipment and services acquired, used or consumed by agencies of the State Government." Section 74 O.S. 85.7 [74-85.7] of the Act states that "no acquisition or contract shall be made in excess of Five Hundred Dollars ($500.00) without the submission of competitive bids of the State Purchasing Director, and such acquisition or contract shall be awarded to the lowest and best bidder therefor at a specified time and place, which shall be open to the public, with such preference between bidders offering substantially the same products or services at substantially the same prices . . ." "Acquisition" is defined in Section 74 O.S. 85.2 [74-85.2](3) as including "all types of purchases and rentals, whether bought or leased by contract or otherwise, and include every means by which a state agency obtains for its use any materials, supplies, service or equipment covered by this act . . ." Additionally, Sections 74 O.S. 85.2 [74-85.2](4) and 74 O.S. 85.2 [74-85.2](5) define "materials", "supplies", and "equipment" as personal property used or consumed by a state agency. In funneling these funds to the economically disadvantaged through subgrant contracts, the Department of Economic and Community Affairs obtains no supplies, equipment, materials or services for its own use or consumption, the benefits of the contracts inuring entirely to the economically disadvantaged citizens of the State. In enacting the Central Purchasing Act it is the obvious intent of the Legislature to require state agencies to utilize the Act to minimize the economic waste and maximize the purchasing power of the public dollar in acquisitions for their use or consumption. Since Federal Comprehensive Employment and Training Act contracts provide no acquisition that is used or consumed by the Department, the Central Purchasing Act would have no application to said contracts. It is apparent that the Legislature did not intend for said Act to cover contracts entered into as a means of channeling federal grant money to economically disadvantaged, particularly where the service provided is employment. To competitively bid for the employment of individuals would defeat the intent of the funding and probably cause a loss of benefit of the funds. To require said contracts to be subject to the competitive bidding requirements of the Central Purchasing Act would be to give meaning and intent to words beyond that intended by the Legislature. It is, therefore, the opinion of the Attorney General that your question be answered in the negative. The bidding requirements of the Oklahoma Central Purchasing Act, 74 O.S. 85.1 [74-85.1] (1974), et seq., do not apply to subgrant contracts entered into by the Department of Economic and Community Affairs pursuant to federal funding under the Federal Comprehensive Employment And Training Act of 1974. (Mike D. Martin)